# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

A.H.,                                                    : Case No.:
                                                         :
       Plaintiff,                                  :
                                                         :
v.                                                       :
                                                         :
ROOSEVELT INN, LLC D/B/A                                 :
ROOSEVELT INN,                                           :
ROOSEVELT MOTOR INN, INC.,                               :
UFVS MANAGEMENT COMPANY, LLC,                            :
YAGNA PATEL,                                             :
ALPHA-CENTURION SECURITY, INC.                           :
D/B/A ALPHA CENTURY SECURITY,                            :
INC.,                                                    :
ALPHA CENTURY SECURITY, INC.,                            :
WYNDHAM HOTEL COMPANY D/B/A                              :
RAMADA INN,                                              :
WYNDHAM HOTEL MANAGEMENT, INC.                           :
D/B/A RAMADA INN,                                        :
WYNDHAM HOTELS AND RESORTS, LLC                          :
D/B/A RAMADA INN,                                        :
4200 ROOSEVELT LLC and 4200                              :
ROOSEVELT LLC D/B/A DAYS INN,                            :
4200 ROSE HOSPITALITY LLC and 4200                       :
ROSE HOSPITALITY LLC D/B/A DAYS                          :
INN,                                                     :
WYNDHAM HOTEL COMPANY D/B/A/                             :
DAYS INN,                                                :
WYNDHAM HOTEL MANAGEMENT, INC                            :
D/B/A DAYS INN,                                          :
WYNDHAM HOTELS AND RESORTS, LLC                          :
D/B/A DAYS INN,                                          :
DAYS INN,                                                :
SURATI MANAGEMENT GROUP,                                 :
DAYS INN BY WYNDHAM D/B/A DAYS                           :
INN,                                                     :
WYNDHAM WORLDWIDE                                        :
CORPORATION,                                             :
WYNDHAM HOTEL GROUP, LLC,                                :
WYNDHAM HOTELS AND RESORTS,                              :
LLC,                                                     :
WYNDHAM HOTELS AND RESORTS,                              :
INC., and                                                :

WYNDHAM HOTEL MANAGEMENT,      :
INC.,                          :
                               :
      Defendants,              :
                               :
v.                             :
                               :
ELTON CROMWELL, and            :
JOHN GUERRA,                   :
                               :
                               :
      Additional Defendants,  :
                               :
v.                             :
                               :
EIGHTY EIGHT, LP,              :
                               :
    Additional Defendant/Cross Claimant.  :

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1452

Defendants Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, Wyndham Worldwide Corporation (n/k/a Travel + Leisure Co.), Wyndham Hotel Group, LLC, and Wyndham Hotels and Resorts, Inc. (collectively, the "Wyndham Defendants"), and Additional Defendant Eighty Eight L.P. (collectively with the Wyndham Defendants the "Removing Co-Defendants"), hereby remove certain claims and causes of action (the "Claims") from a pending civil action in the Court of Common Pleas, Philadelphia County, *A.H. v. Roosevelt Inn, LLC*, Case ID No. 200102954, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1334 and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Claims being removed pursuant to this Notice of Removal are only those claims against the Removing Co-Defendants by Plaintiff, A.H. (the "Plaintiff"), the claims that the Wyndham Defendants have asserted against Additional Defendants Elton Cromwell, John Guerra, and Eighty Eight, L.P., and the claims asserted by Eighty Eight,

L.P. against the Wyndham Defendants, 4200 Roosevelt LLC, 4200 Rose Hospitality LLC, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc., Alpha Century Security, Inc., Days Inn, Surati Management Group, and Days Inn by Wyndham d/b/a Days Inn.[1]  In support of this Notice of Removal, the Removing Co-Defendants state as follows:

**BACKGROUND**

1.       Roosevelt Inn, LLC ("Roosevelt Inn") operates a hotel property in Northeast Philadelphia, Pennsylvania.  *See* Case No. 2:21-cv-03277 at ECF Doc. No. 1, ¶ 1.  Roosevelt Motor Inn, Inc. ("Roosevelt Motor Inn") holds title to the hotel property.  *Id.*

2.       On January 24, 2020, Plaintiff commenced the Civil Action by filing a Complaint (the "Complaint") in the Court of Common Pleas, Philadelphia County (the "State Court") against the Wyndham Defendants, the 4200 Roosevelt Defendants, the Debtors, UFVS Management Company, LLC, Yagna Patel,[2] Alpha-Centurion Security, Inc. *d/b/a* Alpha Century Security, Inc., Alpha Century Security, Inc., Days Inn, Surati Management Group, and Days Inn by Wyndham d/b/a Days Inn, (the "Civil Action").  *See A.H. v. Roosevelt Inn, LLC*, Case ID No. 200102954; *see also* Case No. 2:21-cv-03277 at ECF Doc. Nos. 1, ¶ 2 and 1-4, p. 17.  In the Complaint, Plaintiff asserts common law personal injury tort claims and statutory causes of action against the defendants in the Civil Action stemming from their alleged failure to prevent Plaintiff from being sex trafficked at several hotels allegedly owned, operated or, in the case of Alpha-Centurion Security, Inc. *d/b/a* Alpha Century Security, Inc. ("Alpha"), serviced by the Civil Action

---

[1] On July 22, 2021, Roosevelt Inn, LLC and Roosevelt Motor Inn, Inc. (collectively, the "Debtors") filed a *Notice of Removal Pursuant to 28 U.S.C.§ 1452* (the "Roosevelt Defendants Notice of Removal") removing certain claims and cross-claims related to the Debtors in the Civil Action (defined below) to this Court and requesting that such claims be referred to the Bankruptcy Court.  The claims and cross-claims removed by the Debtors are currently pending before this Court as Case No. 2:21-cv-03277.  *See* Case No. 2:21-cv-03277 at ECF Doc. No. 1.

[2] The Debtors, UFVS Management Company, LLC, and Yagna Patel are collectively referred to herein as the "Roosevelt Inn Defendants".

3

defendants. *See* Case No. 2:21-cv-03277 at ECF Doc. Nos. 1, ¶ 2 and 1-4, p. 17. This action is one of four (4) similar civil actions currently pending against the Wyndham Defendants and Roosevelt Inn Defendants, and various non-debtor co-defendants and additional defendants (such claims and cases together, the "Pending Tort Actions").[3] *See* Case Nos. 2:21-cv-03222, 2:21-cv-03218, 2:21-cv-03225, and 2:21-cv-03277; *see also* Case No. 2:21-cv-03277 at ECF Doc. No. 1, ¶ 2.

3. On August 14, 2020, co-defendant Alpha filed cross-claims against the Roosevelt Inn Defendants in the State Court Action for contractual and common law indemnity and contribution. *See* Case No. 2:21-cv-03277 at ECF Doc. No. 1, ¶ 3. Plaintiff claimed that Alpha was also liable to her for her personal injury tort claims. *Id.*

4. On August 18, 2020, the Roosevelt Inn Defendants asserted cross-claims for contribution and common law indemnity, contractual indemnity, negligent hiring, training and supervision and negligence *per se* against non-debtor co-defendant Alpha. *See* Case No. 2:21-cv-03277 at ECF Doc. Nos. 1, ¶ 4 and 1-5, p. 193.

5. On September 8, 2020, the Roosevelt Inn Defendants joined third-party defendants John Guerra and ("Guerra") and Elton Cromwell ("Cromwell"). *See* Case No. 2:21-cv-03277 at Nos. 1, ¶ 5 and 1-6, p. 6. The Wyndham Defendants asserted claims against Guerra and Cromwell in their *Joinder Complaint* filed on August 6, 2020. The Wyndham Defendants also joined Additional Defendant Eighty Eight LP by filing their *Supplemental Joinder Complaint* on June 8, 2021.

6. On June 16, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the

---

[3] The Roosevelt Inn Defendants, among others, are party-defendants in a similar state court civil action previously removed to this Court to which the Wyndham Defendants are not a party. *See* Case No. 2:21-cv-02984.

United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

*See* Case Nos. 21-11697-amc and 21-11698-amc; *see also* Case No. 2:21-cv-03277 at No. 1, ¶ 6.

7. The Debtors' chapter 11 cases are jointly administered under the caption *In re Roosevelt Inn, LLC*, Case No. 21-11697 (collectively the "Chapter 11 Cases"). *See* Case No. 21-11697 at ECF Doc. No. 26; *see also* Case No. 2:21-cv-03277 at No. 1, ¶ 7. The Chapter 11 Cases are pending before United States Bankruptcy Judge Ashely M. Chan.

8. On June 30, 2021, Additional Defendant Eighty Eight, L.P. filed crossclaims against all defendants, including the Roosevelt Inn Defendants. *See* 2:21-cv-03277 at ECF Doc. No. 1, ¶ 8.

9. Consistent with 28 U.S.C. § 157(a), this Court has issued Standing Orders dated July 25, 1984, November 8, 1990, and June 29, 1992 (the "Standing Orders of Reference") providing for an "automatic reference" of, *inter alia*, all proceedings related to cases under the Bankruptcy Code to the Bankruptcy Court, where the Chapter 11 Cases are now pending. *See* 28 U.S.C. § 157(a).

10. However, 28 U.S.C. § 157(b)(2)(B) specifically excludes from the definition of "core proceedings" "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." *See* 28 U.S.C. § 157(b)(2)(B).

11. Pursuant to 28 U.S.C. § 157(b)(5), this Court has the exclusive authority to fix venue of personal injury tort claims, including those asserted in the Claims and the Pending Tort Actions, which are related to the Debtors' bankruptcy proceedings. *See* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in

which the claim arose, as determined by the district court in which the bankruptcy case is pending."); *see also* 1 Collier on Bankruptcy ¶ 3.06 (Richard Levin & Henry J. Sommer eds. 16 ed.) ("Section 157(b)(5) provides that the venue of the trial is to be determined by the district court in which the title 11 case is pending. This unusual, perhaps unique, provision empowers a court other than that in which the litigation is pending to decide where the trial is to take place.").

12.     Consistent with the purpose of 28 U.S.C. § 157(b)(5), the Removing Co-Defendants seek to consolidate the Pending Tort Claims before this Court as this is the district where the Chapter 11 Cases are pending, to allow for an efficient and equitable resolution of all Pending Tort Claims - particularly since the Debtors have already removed certain claims and cross-claims related to the Debtors in the Civil Action. *See Coker v. Pan Am. Corp. (In re Pan Am. Corp.)*, 950 F.2d 839, 845 (2d Cir. 1991) ("[T]he manifest purpose of section 157(b)(5) was 'to centralize the administration of the estate and to eliminate the multiplicity of forums for the adjudication of parts of the bankruptcy case.'" (*quoting A.H. Robbins Co. v. Picinnin*, 788 F.2d 994, 1011 (4th Cir. 1986)); *Hopkins v. Plant Insulation Co.*, 342 B.R. 703, 716 (D.Del. 2006) ("The purpose of Section 157(b)(5) is to centralize the administration of the bankruptcy estate and eliminate having multiple forums adjudicate different parts of the bankruptcy case.").

13.     By this Notice of Removal, the Removing Co-Defendants hereby remove the Claims from the State Court to this Court.

## GROUNDS FOR REMOVAL

14.     Removal of the Claims is proper pursuant to 28 U.S.C. §§ 1334 and 1452(a).

15.     Section 1452(a), which governs the removal of civil actions related to a bankruptcy case, such as those asserted in the Civil Action, states, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending,

6

if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

16.     Section 1334(b), in turn, provides in relevant part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." *See* 28 U.S.C. § 1334(b).  In enacting section 1334(b), "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).  Jurisdiction over a proceeding that is "related to" a bankruptcy case is the "broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004); *see also SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) ("While 'related-to' jurisdiction is not limitless, it is fairly capacious . . . ." (internal citations omitted)); *Coen v. Stutz (In re CDC Corp.)*, 610 F. App'x 918, 921 (11th Cir. 2015) ("This 'related to' jurisdiction is 'extremely broad.'") (internal quotation omitted)); *Boston Regional Med. Ctr., Inc. v. Reynolds (In re Boston Regional Med. Ctr., Inc.)*, 410 F.3d 100, 106 (1st Cir. 2005) ("The statutory grant of 'related to' jurisdiction is quite broad."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." (internal quotations omitted)); *Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.*), 316 F.3d 482, 489 (6th Cir. 1996) ([T]he emphatic terms in which the jurisdictional grant is described in the legislative history, and extraordinarily broad wording of the grant itself, leaves us with no doubt that Congress intended to grant district court broad jurisdiction in bankruptcy cases."); *Coffey v. Anderson (In re*

*PSLJ, Inc.*), 873 F.2d 1440 (table) (4th Cir. 1989) ("We have recognized that a bankruptcy court has broad jurisdiction over proceedings arising in or related to a title 11 case.").

17. An action is "related to" a bankruptcy case where its outcome "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1994). An action satisfies the "conceivable effect" test "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* The Third Circuit has further clarified that such effects on the bankruptcy estate must be the product of the related actions itself, "without the intervention of yet another lawsuit." *See In re Federal-Mogul Corp.*, 300 F.3d 368, 382 (3d Cir. 2002).

18. Furthermore, in the context of a non-debtor co-defendant's request to remove an action from a state court to the federal district in which the debtor co-defendant's bankruptcy case is pending, 28 U.S.C. § 157(b)(5):

> Should be read to allow a district court to fix venue for cases pending against nondebtor defendants which are "related to" a debtor's bankruptcy proceedings pursuant to Section 1334(b). This approach will further the prompt, fair, and complete resolution of all claims "related to" bankruptcy proceedings, and harmonize Section 1334(b)'s broad jurisdictional grant with the oft-stated goal of centralizing the administration of a bankruptcy estate.

*Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Conn.* (*In re Dow Corning Corp.*), 86 F.3d 482, 497 (6th Cir. 1996).

19. The Claims arise in, under, or are otherwise related to the Debtors' Chapter 11 Cases and are therefore removable under 28 U.S.C. § 1452(a) because, inter alia:

> a. The claims and allegations in the Complaint against the Removing Co-Defendants are inextricably intertwined with the claims and allegations against the Debtors such that the Claims are related to the Debtors' Chapter 11 Cases. The claims and allegations in Plaintiff's Complaint arise out of

8

an alleged common nucleus of operative facts and raise substantially similar questions of law.  As one consequence, the Debtors may be compelled to participate in the litigation, notwithstanding the automatic stay, to protect its own interests.  *See Union Tr. Phila. LLC v. Singer Equip. Co. (in re Union Tr. Phila., LLC)*, 490 B.R. 644, 657 (E.D. Pa. 2011) (finding related to jurisdiction over state law claims against nondebtors where the debtor was at risk of being "bound to critical factual and legal issues determined in those proceedings by operation of collateral estoppel"); *see also In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996), *as amended on denial of reh'g and reh'g en banc* (June 3, 1996) (alteration added) ("potential for [debtor]'s being held liable to the nondebtors in claims for contribution and indemnification, or vice versa, suffices to establish a conceivable impact on the estate in bankruptcy"); *Davis v. Merv Griffin Co.*, 128 B.R. 78, 96 (D.N.J. 1991) (claims were related to bankruptcy proceeding since debtor may have a contractual obligation to indemnify nondebtor and nondebtor submitted a copy of a proof of claim for indemnification against the debtor); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 318–19 (S.D.N.Y. 2003) (alteration added) (observing that "[s]everal Circuit Courts of Appeals have also found jurisdiction over third party litigation based on an indemnification or contribution claim that has a conceivable effect on the debtor's estate"); *In re Nat'l Century Fin. Enterprises, Inc., Inv. Litig.*, 497 F. App'x 491 (6th Cir. 2012) (holding that nondebtor's "potential claims for indemnification and contribution against bankruptcy estate" could have "requisite conceivable effect on [the bankrupt] estate, such that bankruptcy court had 'related-to' jurisdiction over [the nondebtor's] claims[.]"); and

b. In at least one instance, the Plaintiff seeks joint and several liability against both the Removing Co-Defendants and the Debtors, among others.  A ruling by the State Court finding that the Removing Co-Defendants are liable to the Plaintiff would undoubtedly affect assets of the Debtors' estates arising from such joint and several liability. *See, e.g.*, *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) (finding "related to" jurisdiction where the "gravamen of [plaintiff's] complaint is that defendants are joint tortfeasors with [the debtor entities], which, if proven, would provide defendants with a putative contribution claim, to be asserted in the bankruptcy proceedings.").

20. Accordingly, the Claims as against the Removing Co-Defendants are properly removed to this Court.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

21.     The time in which the Removing Co-Defendants may remove the Claims to this Court has not expired pursuant to Bankruptcy Rule 9027(a)(2), as the Civil Action was commenced prior to the Petition Date and no order has been entered in the Chapter 11 Cases terminating the automatic stay with respect to any claim against the Debtors.

22.     Venue in this Court is proper pursuant to Bankruptcy Rule 9027(a)(1).  The State Court is located in this district and in the division of the Bankruptcy Court.

23.     Pursuant to Bankruptcy Rule 9027(a)(1), removal is proper to the District Court where the Claims are pending.  *See* Fed. R. Bankr. 9027(a)(1).

24.     In accordance with Bankruptcy Rule 9027(a)(1), filed with this Notice of Removal are copies of the State Court docket, the process and the pleadings of the State Court Civil Action. *See* Exhibits 1 through 5.

24.     As set forth above, this Court has subject matter jurisdiction over the Claims pursuant to 28 U.S.C. § 1334(b) because the Claims arise in and are related to the Chapter 11 Cases.

25.     The Claims constitute a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), as they arise in and relate to matters which relate to property of the Debtors' estates under section 541 of the Bankruptcy Code and effect the administration of the estates.  However, the liquidation of the underlying personal injury tort claims against the estate are not core proceedings. See 28 U.S.C. § 157(b)(2)(B).

26.     Section 157(b) states that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim rose, as determined by the district court in which

the bankruptcy case is pending." 28 U.S.C. § 157(b). However, should the court determine that section 157(b) does not apply, the Removing Co-Defendants consent to the entry of final orders or judgment by the Bankruptcy Court in connection with the liquidation of the personal injury tort claims.

27. Promptly after the filing of this Notice of Removal, the Removing Co-Defendants will serve on all parties to the Civil Action and file with the clerk of the State Court a copy of this Notice of Removal in accordance with Bankruptcy Rules 9027(b) and (c).

28. The Removing Co-Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove the Claims.

Dated: August 2, 2021
Philadelphia, Pennsylvania

**DLA PIPER LLP (US)**

By: */s/ Nathan P. Heller*
Matthew A. Goldberg
Nathan P. Heller
Haley D. Torrey
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
Tel: (215) 656-330s0
Fax: (215) 656-3301
Email: matthew.goldberg@dlapiper.com
Email: nathan.heller@dlapiper.com
Email: haley.torrey@dlapiper.com

-and-

**K&L GATES LLP**

Daniel M. Eliades
(*Pro Hac* Application Pending)
Travis Powers
(*Pro Hac* Application Pending)
One Newark Center, 10th Floor
1085 Raymond Boulevard
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001

11

Email: daniel.eliades@klgates.com
Email: travis.powers@klgates.com

*Attorneys for Defendants Wyndham Hotel
Management, Inc., Wyndham Hotels and
Resorts, LLC, Wyndham Worldwide
Corporation (n/k/a Travel + Leisure Co.),
and Wyndham Hotel Group, LLC*

*/s/ Alexander R. Bilus*

Alexander R. Bilus
Carolyn M. Toll
**SAUL EWING ARNSTEIN &
LEHR  LLP**
1500 Market Street, 38th Floor
Philadelphia, PA 19102

*Counsel for Eighty Eight L.P.*

## <u>VERIFICATION</u>

I, Nathan P. Heller, hereby verify that the facts contained in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of perjury relating to unsworn falsifications to authorities.


Dated: August 2, 2021                     * /s/ Nathan P. Heller*

                                          Nathan P. Heller

<u>**CERTIFICATE OF SERVICE**</u>

I, Nathan P. Heller, hereby certify that, on August 2, 2021, I caused a true and correct of copy of the foregoing *Notice of Removal Pursuant to 28 U.S.C. 1452* via electronic and first-class U.S. Mail upon the following:

**Via electronic mail upon:**

Charles S. Marion, Esq.
Kevin Eddy
Justina L. Byers, Esq.
**BLANK ROME LLP**
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103

*Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*

Charles W. Spitz
Joel H. Feigenbaum
**POST & SCHELL, PC**
4 Penn Center, 13th Floor
1600 J.F.K. Blvd.
Philadelphia, PA 19103

*Counsel for 4200 Roosevelt LLC and 4200 Rose Hospitality LLC*

Ara R. Avrigian
K. Andrew Heinold
**SALTZ MONGELUZZI BARRETT & BENDESKY, PC**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

*Counsel for Plaintiff*

Denise Brinker Bense
**COZEN O'CONNOR**
200 Four Fall Corporate Center, Suite 400
West Conshohocken, PA 19428

Jacqueline Promislo
**COZEN O'CONNOR**
1650 Market Street
Philadelphia, PA 19103

*Counsel for Alpha-Centurion Security, Inc.*

Alexander R. Bilus
Carolyn M. Toll
**SAUL EWING ARNSTEIN & LEHR LLP**
1500 Market Street, 38th Floor
Philadelphia, PA 19102

*Counsel for Eighty Eight L.P.*

**Via first-class U.S. Mail upon:**

Elton Cromwell
17 Catherine Street, Apt. 1
Schenectady, NY 12307

*Pro Se Additional Defendant*

John Guerra
c/o Smart Communications
PA Inmate No. MY0736
P.O. Box 33028
St. Petersburg, FL 33733

*Pro Se Additional Defendant*

Surati Management Group
121 Drew Drive
Langhorne, PA 19053

*Defendant*

    */s/ Nathan P. Heller*
Nathan P. Heller